COUNTIES — EXPENDITURE OF REVENUE SHARING MONIES FOR COURTHOUSE SPACE — LEASE TO AND FROM PUBLIC TRUST — ISSUANCE OF REVENUE BONDS FOR ACQUIRING BUILDING FOR COURTHOUSE SPACE Counties in Oklahoma are authorized to expend revenue sharing monies for the purpose of acquiring a site and/or building to provide courthouse office space. Pursuant to the provisions of 60 O.S. 176 [60-176] (1976), counties can lease such acquired site to a public trust where the property to be leased is needed for the execution of proper trust purpose. Under 19 O.S. 401 [19-401] and 19 O.S. 402 [19-402] (1971), upon a determination of the County Commissioners that sufficient courthouse space is not available, the County Commissioners would be authorized to lease, on a year to year basis at the lowest rent possible, suitable additional courthouse space in a building owned and operated by a public trust for that purpose. Counties would also be authorized to use federal revenue sharing monies to fund such lease payments. Pursuant to 60 O.S. 176 [60-176] et seq. (1976), a public trust can, if properly authorized in the trust indenture creating the trust, issue revenue bonds for the purpose of financing the acquisition, remodeling, and improvement of a suitable courthouse building to be leased to the county. The use of federal revenue sharing funds, for any purpose, by a county would be subject to the priority expenditure requirements contained in Section 103 of the State and Local Fiscal Assistance Act of 1972, Public Law 92-512. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Can a county expend revenue sharing monies for the purpose of acquiring a site and/or building to provide courthouse office space? 2. Can a county lease such acquired site to a public trust created pursuant to 60 O.S. 176 [60-176] et seq. (1971)? 3. Can a county contract with a public trust on a year to year basis for the purpose of leasing additional courthouse office space in a building owned by said trust for that purpose? 4. If the answer to Question No. Three is in the affirmative, can a county use federal revenue sharing money to fund such lease payments ? 5. Under the provisions of 60 O.S. 176 [60-176] et seq. (1971) can a public trust issue revenue bonds for the purpose of financing the acquisition, remodeling, and improvement of a suitable county courthouse building to be leased to the county? In regard to your first question, the use of federal revenue sharing monies by a county to acquire a site and/or building for courthouse office space is dependent on the county's authority to expend its own revenues for such purposes. If a county cannot use its own revenues to make the acquisition, then neither could revenue sharing funds be so used. 6 Okl. Op. A.G. 44 (No. 73-121) . Title 19 O.S. 734 [19-734] (1971), provides, in part: "Whenever the board of county commissioners of any county considers it to be to the best interest of the county to acquire sites, purchase, erect, repair, remodel, equip and furnish a courthouse or jail, they shall have the power to contract for the acquisition of sites, purchase, erection, repair, remodeling, equipping and furnishing of same and to issue bonds in payment therefor . . ." It is apparent from a reading of 19 O.s. 734 that counties are authorized to expend money for the acquisition of a site and/or building for courthouse purposes. While this section authorizes the issuance of bonds for such acquisition, there is no restriction on the counties from making the acquisition from monies otherwise available. However, any expenditure of revenue sharing monies by counties is necessarily subject to the provisions of Section 103 of the State and Local Fiscal Assistance Act of 1972, Public Law 92-512. Section 103 provides that funds received by units of local government may be used only for the priority expenditures defined therein. In expending revenue sharing monies, County Commissioners must make sure that they are in compliance with these requirements. In answer to your second question, we must examine the provisions of 60 O.S. 176 [60-176] (1971), which provides in part: ". . . the officers of any other governmental agencies or authorities, having the custody, management or control of any property, real or personal or both, of the beneficiary of such trust, or of such a proposed trust, which property shall be needful for the execution of the trust purposes, hereby are authorized and empowered to lease such property for said purposes, after the acceptance of the beneficial interest therein by the beneficiary as hereinafter provided." In enacting this provision, the Legislature clearly intended to authorize governmental agencies or authorities, including counties, to lease real or personal property or both to existing public trusts where such property is needed in the execution of the trust purposes. A valid trust in property, with a governmental entity as the beneficiary, may be created for the furtherance, or the providing of funds for the furtherance, of any public function which the governmental entity may be authorized by law to perform. Morris v. City of Oklahoma City, Oklahoma, Okl., 229 P.2d 131 (1965). A discussion of a hypothetical fact situation might be helpful to indicate the legislative intent. If the County Commissioners of a county determine that additional courthouse facilities were needed to be constructed, and a county either owned or acquired a site for such construction, but had no available funds to construct or acquire the facilities, the county could lease such property to a proper public trust for the purpose of financing the construction or acquisition of the facilities. The public trust would have to have as one of its purposes the construction or acquisition of public buildings for the use and benefit of the county. If the trust is not authorized in its trust indenture to finance the construction or acquisition of a public building to be used by the county as the beneficiary, an obvious public function which the county is authorized by law to perform itself, the leasing of county owned property to said trust for the purpose of constructing or acquiring courthouse facilities would not fall within the legislative intent provided in 60 O.S. 176 [60-176]. The basic requirement is that the property be leased to the public trust for the needed execution of proper trust purposes. In regard to your third question, 19 O.S. 401 [19-401] (1971) provides: "In any county where there is no courthouse or jail erected by the county, or where those erected have not sufficient capacity, it shall be the duty of the board of county commissioners to provide for court room, jail, and offices for the following named officers: Sheriff, treasurer, register of deeds, district clerk, county clerk, county attorney, superintendent of public schools and county judge, to be furnished by the county in a suitable building or buildings, for the lowest rent to be obtained at the county seat, or to secure and occupy suitable rooms at a free rent within the limits of the county seat or any of the additions thereto, until such county builds a courthouse. . ." In addition, 19 O.S. 402 [19-402] (1971) provides: "The power to rent courtrooms shall only extend to such rooms as the court using the same may approve." It would appear that upon a determination by the County Com missioners that sufficient courthouse space is not available, the County Commissioners would be authorized to lease, at the lowest rent possible, suitable additional courthouse space. Pursuant to that determination, the county could contract with a public trust, on a year to year basis, for the purpose of leasing additional courthouse space in a building owned by the trust for the use and benefit of the county as beneficiary. In answer to your fourth question, it is apparent that federal revenue sharing funds should be utilized by the County Commissioners to fund such lease payments. Being authorized to expend its own revenues for leasing of needed additional courthouse facilities, there would be no restriction in using available federal revenue sharing funds for the same purpose. The use of such federal revenue sharing monies would, again, be subject to the priority expenditures requirements contained in Section 103 of the State and Local Fiscal Assistance Act of 1972. In regard to your fifth question, 19 O.S. 734 [19-734] authorizes the Board of County Commissioners of any county to acquire sites, purchase, erect, repair, remodel, equip and furnish a courthouse where the Commissioners consider it to be to the best interest of the county. In addition, 19 O.S. 731 [19-731] (1971) provides, in part: "The board of county commissioners is authorized to provide for the construction or repairing of courthouses, jails or other necessary buildings, and make contracts on behalf of the county for rebuilding or repairing the same, . . ." In making the authorizations provided in the above quoted sections, it is apparent that the Legislature considers such to be proper public functions of counties. Since a public trust created pursuant to 60 O.S. 176 [60-176] et seq. (1971), may be created for the furtherance, or the providing of funds for the furtherance, of any public function which a county is authorized by law to perform, a public trust which has as one of its purposes the acquisition, remodeling and improvement of buildings to be used by the county as a beneficiary, could issue revenue bonds for the purpose of financing the acquisition, remodeling and improvement of a suitable county courthouse building to be leased to the county. House Bill No. 1651, enacted by the 35th Oklahoma Legislature, Second Regular Session, (1976), with an effective date of December 1, 1976, amended 60 O.S. 176 [60-176] (1971) and provides in 60 O.S. 176 [60-176](d) that: "No trust in which a county or municipality is the beneficiary shall hereafter create an indebtedness or obligation until such indebtedness or obligation has been approved by two-thirds (2/3) vote of the governing body of said beneficiary." Pursuant to this section, a public trust, which has as a beneficiary a county, would have to obtain approval by two-thirds vote of the County Commissioners before being able to issue bonds. In addition, House Bill No. 1651 provides in Section 5 that: "At least five (5) business days prior to the delivery of and payment for bonds, notes or other evidences of indebtedness by any public trust, except as hereafter excluded, there shall be filed with the Secretary of State a preliminary copy of the official statement, prospectus or other offering document pertaining to the issuance; prior to the expiration of fifteen (15) business days following said delivery of and payment therefor, there shall be filed with the Secretary of State and the Oklahoma Securities Commission a copy, in final form, of said official statement, prospectus or other offering document. Any person responsible for the preparation of the official statement, prospectus or other offering document in preliminary and/or final form who violates this section shall, upon conviction, be deemed guilty of a misdemeanor and shall be subject to a fine of not less than Five Thousand Dollars ($5,000.00) nor more than Ten Thousand Dollars ($10,000,00), or a jail sentence not less than six (6) months nor more than one (1) year, or both." House Bill No. 1651 also amended 60 O.S. 180.2 [60-180.2] (1971) to provide in sub-paragraph (d): "Prior to the delivery of and payment for any bonds, notes or other evidences of indebtedness by a public trust, there shall be filed with the Secretary of State an executed original or certified copy of the written instrument or will creating such public trust and a notice of said filing with the Secretary of State shall be delivered to the State Examiner and Inspector and, in the case of a trust wherein the state is the beneficiary, to the Attorney General." Any public trust issuing bonds after the effective date of the above quoted sections, that being December 1, 1976, would be required to comply with the provisions stated therein. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Counties in Oklahoma are authorized to expend revenue sharing monies for the purpose of acquiring a site and/or building to provide courthouse office space. Pursuant to the provisions of 60 O.S. 176 [60-176] (1976), counties can lease such acquired site to a public trust where the property to be leased is needed for the execution of proper trust purposes. Under 19 O.S. 401 [19-401] and 19 O.S. 402 [19-402] (1971), upon a determination of the County Commissioners that sufficient courthouse space is not available, the County Commissioners would be authorized to lease, on a year to year basis at the lowest rent possible, suitable additional courthouse space in a building owned and operated by a public trust for that purpose. Counties would also be authorized to use federal revenue sharing monies to fund such lease payments. Pursuant to 60 O.S. 176 [60-176] et seq. (1976), a public trust can, if properly authorized in the trust indenture creating the trust, issue revenue bonds for the purpose of financing the acquisition, remodeling, and improvement of a suitable courthouse building to be leased to the county. The use of federal revenue sharing funds, for any purpose, by a county would be subject to the priority expenditure requirements contained in Section 103 of the State and Local Fiscal Assistance Act of 1972, Public Law 92-512. (MIKE D. MARTIN) (ksg)